# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES CHAD GIESE,<br><br>　　　　Petitioner,<br><br>　v.<br><br>CRAIG KOENIG, Warden,<br><br>　　　　Respondent. | Case No. 2:21-cv-08535-MEMF (JPR)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Report and Recommendation ("Report") recommends denial of the Petition and dismissal of this action with prejudice. (ECF No. 43.) As explained below, Petitioner's objections to the Report (ECF No. 48) do not warrant a change to the Magistrate Judge's findings or recommendation.

For his claims of ineffective assistance of counsel, Petitioner objects to the Report's finding that the "claims fail because [Petitioner] did not submit a declaration" to support the claims. (ECF No. 48 at 11.) This objection does not

1  overcome the Report's finding that the claims "fail for lack of evidence." (ECF No.
2  43 at 79.)  The Report's finding is entirely consistent with Supreme Court
3  precedent.  *See Dunn v. Reeves*, 594 U.S. 731, 743 (2021) (*per curiam*) (it is clearly
4  established that "a silent record cannot discharge a prisoner's burden" to prove
5  ineffective assistance of counsel) (citing *Burt v. Titlow*, 571 U.S. 12, 15 (2013)).

6        For his claim of ineffective assistance of counsel based on the failure to seek
7  admission of evidence of the victim's past methamphetamine use, Petitioner objects
8  that the evidence was "required" to be admitted under California's rule of
9  completeness.  (ECF No. 48 at 12-13.)  To the contrary, as the Report found, the
10 rule does not "prevent courts from excluding parts of a conversation that are
11 irrelevant, unduly prejudicial, or needlessly time-consuming." (ECF No. 43 at 94.)
12 This finding was consistent with the California Court of Appeal's finding that
13 evidence of the victim's past methamphetamine use "had no relevancy based on the
14 negative toxicology report [of the victim], and past use was overly prejudicial."
15 (*Id.* at 77.)  Thus, an argument for the admission of this evidence was "doomed to
16 fail." (*Id.* at 94.)

17       For his claim of ineffective assistance of counsel based on the failure to
18 present expert testimony about drug and alcohol use, Petitioner objects that the
19 claim was rejected because he "did not enclose an expert's declaration." (ECF No.
20 48 at 14.)  But the Report's finding was consistent with the Supreme Court's
21 holdings that "a silent record cannot discharge a prisoner's burden" to prove
22 ineffective assistance of counsel. *Dunn*, 594 U.S. at 743.  In the absence of
23 evidence of what an expert would have said, the claim is speculative. *See Gallegos*
24 *v. Ryan*, 820 F.3d 1013, 1035 (9th Cir. 2016) (speculation about what an expert
25 would have said is insufficient to establish prejudice under *Strickland*) (citing
26 *Wildman v. Johnson*, 261 F.3d 832, 839 (9th Cir. 2001)).

27       For his claim of ineffective assistance of counsel based on the failure to
28 present evidence of Petitioner's non-violent character and efforts to relocate,

1    Petitioner objects that counsel "had nothing to lose" in presenting such testimony.
2    (ECF No. 48 at 19.) But the Supreme Court "has never established anything akin to
3    . . . [a] 'nothing to lose' standard for evaluating *Strickland* claims." *Knowles v.*
4    *Mirzayance*, 556 U.S. 111, 122 (2009). Instead, the record here shows that "trial
5    counsel strategically decided not to call the witnesses whom Petitioner has
6    identified." (ECF No. 43 at 98.) Specifically, trial counsel "explained that he
7    decided not to call those witnesses because he believed they would have undercut
8    Petitioner's self-defense theory by showing that he had multiple options available
9    to him other than staying at [the victim's] home." (*Id*. at 99.) As the Report found,
10   counsel's informed and strategic decision about these witnesses is "virtually
11   unchallengeable" on federal habeas review. (*Id*.)
12          For his claim of ineffective assistance of counsel based on the failure to
13   present testimony about the victim's propensity for violence, Petitioner objects to
14   the Report's finding that such testimony would have been cumulative. (ECF No.
15   48 at 21.) Petitioner does not explain, however, why the testimony was not
16   cumulative. The Report reasonably found that the jury heard evidence, from
17   multiple sources, about the victim's abusive behavior, including his threats to shoot
18   Petitioner in the face. (ECF No. 43 at 103.) Thus, Petitioner failed to show
19   prejudice from counsel's failure to present cumulative evidence about the victim's
20   propensity for violence. (*Id*.)
21          For his claim challenging the voluntariness of his pretrial statements to
22   detectives, Petitioner objects to the Report's finding that the claim is procedurally
23   barred. (ECF No. 48 at 22.) As the Report found, with extensive analysis, the
24   claim is procedurally barred because the California Court of Appeal determined
25   Petitioner had failed to raise the issue at trial. (ECF No. 43 at 15-23; *see also* ECF
26   No. 9-1 at 9.) Although Petitioner argues that he did raise the issue at trial, with a
27   written motion (ECF No. 48 at 22-23), the Report explained that the motion did not
28   argue, as Petitioner argues here, that his statements were coerced or involuntary

because of the circumstances of the interview (ECF No. 43 at 16 and n.9). Instead, the motion raised only an argument under *Miranda v. Arizona*, 384 U.S. 436 (1966). (ECF No. 38-1 at 107-111 [Clerk's Transcript, Volume 1, pages 97-101].) Although the motion also made some bare references to "involuntary statements" (*id.*), it did not develop any argument in that regard. This was insufficient to preserve a coercion or involuntariness issue at trial. *See People v. Alvarez*, 14 Cal. 4th 155, 186 (1996) (defendant's bare reference to the "confrontation rule" in his moving papers was insufficient to preserve a claim under the Sixth Amendment's confrontation clause). And although Petitioner now argues that the Report "overlooks" that his counsel was ineffective for not raising the coercion issue at trial (ECF No. 48 at 23), Petitioner did not raise this argument before the Magistrate Judge, and the Court declines to consider it now in the first instance. *See Brook as Trustee of David North II Trust v. McCormley,* 837 F. App'x 433, 436 (9th Cir. 2020) (district court need not address novel arguments raised in objections). Thus, the coercion claim is procedurally barred.

For his *Miranda* claim, Petitioner objects that the California Court of Appeal unreasonably rejected it. (ECF No. 48 at 25.) The California Court of Appeal found that, under the totality of the circumstances, *Miranda* warnings were not required because Petitioner was not "in custody" when he spoke to detectives at the hospital and the sheriff's station. (ECF No. 9-1 at 5-9.) Petitioner disagrees, pointing out that deputies were dispatched to the home of Petitioner's mother, ordered Petitioner to come outside and walk backwards toward them, patted him down, accompanied him to the hospital, and stationed themselves outside the hospital room. (ECF No. 48 at 25-26.) This objection does not overcome the California Court of Appeal's determination that the totality of the circumstances failed to establish custody: Petitioner was free of physical restraints, he was advised he was not under arrest and was free to leave, no weapons were displayed, and no officer spoke to him in an aggressive or accusatory manner or employed

4

1  special techniques to pressure him. (ECF No. 9-1 at 8-9.) Moreover, every effort
2  was made to ensure Petitioner was comfortable and that his needs were
3  accommodated. (*Id.* at 9.) Given these circumstances, the state court's rejection of
4  this claim was not objectively unreasonable.
5       For his claim challenging the sufficiency of the evidence, Petitioner objects
6  that the evidence failed to prove he killed with premeditation and deliberation.
7  (ECF No. 48 at 27.) The California Court of Appeal found that sufficient evidence
8  supported the jury's finding: Petitioner had armed himself with a rock before
9  encountering the victim, had a motive to kill the victim, beat him to death in a
10 particularly vicious manner, and stabbed him in the neck after he was dead. (ECF
11 No. 9-1 at 11-12.) Petitioner's objection does not overcome the state court's
12 finding.
13      For his claim challenging the exclusion of evidence, Petitioner objects that it
14 was prejudicial error for the trial court to exclude all evidence of the victim's drug
15 use. (ECF No. 48 at 29.) The California Court of Appeal rejected this claim after
16 agreeing with the trial court that evidence of past drug use by the victim, who had
17 no drugs in his system at the time of his death, was irrelevant and unduly
18 prejudicial. (ECF No. 9-1 at 13.) The California Court of Appeal also concluded
19 that it was not reasonably probable that evidence of the victim's drug use would
20 have changed the outcome, given that the jury knew of the victim's alcohol use.
21 (*Id.*) Petitioner objects that "the jury could not understand why [Petitioner]
22 perceived [the victim's] act as threatening." (ECF No. 48 at 24.) To the contrary,
23 the jury "was aware that [the victim] was drunk and had a history of threatening to
24 kill Petitioner when he was drunk." (ECF No. 43 at 54.)
25      For his claim of instructional error, Petitioner objects that his rights were
26 violated when the jury was instructed with CALCRIM No. 3471, a "mutual
27 combat" instruction. (ECF No. 48 at 32.) The California Court of Appeal
28 determined that the instruction was supported by evidence from which the jury

could find that Petitioner not only engaged in mutual combat with the victim, but also acted as the initial aggressor. (ECF No. 9-1 at 14.) And as the Report found, the California Court of Appeal's determination could not be objectively unreasonable because there is no clearly established federal law, *i.e.*, "the Supreme Court has never held that a correct but inapplicable jury instruction violates due process." (ECF No. 43 at 60.) Although Petitioner objects that clearly established federal law does afford him the right to due process and a fair trial (ECF No. 48 at 33), this objection does not rebut the Report's finding. "The Supreme Court has repeatedly reminded lower courts applying AEDPA not to 'frame[e] [Supreme Court] precedents at a high level of generality.'" *Fauber v. Davis*, 43 F.4th 987, 1007 (9th Cir. 2022) (alterations in original, citing *Nevada v. Jackson*, 569 U.S. 505, 512 (2013) (*per curiam*)). Petitioner's overly general framing, in terms of due process and a fair trial, "would defeat the substantial deference that AEDPA requires." *Fauber*, 43 F.4th at 1008 (quoting *Jackson*, 569 U.S. at 512).

For his claims of prosecutorial misconduct, Petitioner objects that the claims are not procedurally barred. (ECF No. 48 at 34.) To the contrary, the California Court of Appeal found that the claims were forfeited because they were not raised before the trial court, and that Petitioner had not shown cause for the default based on his counsel's alleged ineffectiveness in failing to object to the alleged misconduct. (ECF No. 9-1 at 16-19.) The Report also analyzed, in detail, why counsel's failure to object to the prosecutor's alleged misstatements of the law during closing arguments did not amount to ineffective assistance. (ECF No. 43 at 80-93.) Petitioner does not challenge these findings in any meaningful manner. (ECF No. 48 at 34-36.) Because Petitioner has failed to overcome the procedural bar of his prosecutorial misconduct claims, habeas relief is unavailable for them.

For his claim of cumulative error, Petitioner objects that multiple errors cumulatively violated his rights. (ECF No. 48 at 38.) To the contrary, Petitioner

has not overcome the Report's finding that "each of Petitioner's claims is meritless, so there can be no cumulative error." (ECF No. 43 at 108.)

In sum, Petitioner's objections are overruled.

## ORDER

It is ordered that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; and (2) Judgment shall be entered denying the Petition and dismissing this action with prejudice.

DATED: February 5, 2025

_____
MAAME EWUSI-MENSAH FRIMPONG
UNITED STATES DISTRICT JUDGE